IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

SALVADOR OCAMPO-VERGARA,

    Petitioner,

v.                                                  Case No. 5:24cv177/MCR/MAL

WARDEN GABBY,
F.C.I. MARIANNA

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This case is before me on initial review of Petitioner Salvador Ocampo-Vergara's petition for writ of habeas corpus under 28 U.S.C. § 2241. Petitioner has not paid the filing fee or submitted service copies of his submission. However, after the Court's review of the petition under Rule 4 of the Rules Governing § 2254 cases,[1] he will not be required to do so. Because the petition on its face shows Petitioner is not entitled to the relief requested and because he did not exhaust his administrative remedies as to the claim raised in the petition, I recommend the petition be denied or alternatively dismissed without prejudice.

---

[1] Rule 1(b) of the Rules Governing § 2254 Cases provides that the "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a) [which governs § 2254 case]." The Local Rules of this Court also provide that the Rules Governing § 2254 Cases apply to all habeas cases filed in this District, regardless of whether they were filed under § 2254. N.D. Fla. Loc. R. 5.7(C).

## I. BACKGROUND

Petitioner is a federal prisoner currently serving two separate sentences. He was sentenced to a term of 360 months' imprisonment in the Eastern District of Texas after his conviction of conspiracy to possess with intent to distribute heroin (E.D. Tx. Case 4:13cr67) and to a term of 24 months in the Southern District of Texas after his conviction of reentry by a deported alien (S.D. Tx. Case 7:14cr37). He is currently in custody at the Federal Correctional Institution in Marianna, Florida with a projected release date of April 27, 2041. *See* https://www.bop.gov/inmateloc/.

In his memorandum, Petitioner asserts he has serious health care needs that have not been appropriately managed by outside community specialists. ECF No. 1 Petitioner explains that after complaining of weakness, numbness, and clumsiness in his upper extremities in late 2021, he has had multiple diagnostic tests, including a nerve conduction study/electromyography and at least three MRIs, and he has had consultations with neurologists and a neurosurgeon. *Id.* at 9. Through his petition he seeks a transfer from F.C.I. Marianna to a facility within the BOP that will be better suited to manage his needs. *Id.* at 8, 11.

## II. DISCUSSION

### A. **Petitioner Is Not Entitled to the Relief Requested.**

Petitioner emphasizes in his petition that he is not challenging the conditions

of his confinement, but rather he seeks a court-ordered transfer within the Bureau of Prisons. ECF No. 1 at 8, 10. Such relief is unavailable.

Title 18 U.S.C. § 3621 governs the imprisonment of federally convicted persons. Subsection 3621(b) provides that the BOP shall designate the place of a prisoner's imprisonment. This designation is subject to myriad factors including the inmate's security designation, programmatic needs, mental and medical health needs, among others. The BOP "may designate any available penal or correctional facility that meets minimum standard of health and habitability established by the Bureau." *Id.* Significantly, "[n]otwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court." *Id.* Therefore, this Court cannot review the BOP's designation of Petitioner's place of imprisonment.

Additionally, the Court notes that the Supreme Court has stated that a prisoner does not have a constitutional right to be placed in a particular prison, so long as the conditions of confinement do not otherwise violate the Constitution. *See Meachum v. Fano*, 427 U.S. 215, 224-25 (1976) (finding no due process right exists to be housed in a particular state prison or to a hearing prior to transfer within a state's prison system). Because Petitioner does not seek his release from prison, his petition is arguably more akin to a complaint about the conditions of his confinement at F.C.I.

Marianna. Such a claim does not sound in habeas. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004) ("constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside [the] core" of habeas corpus); *Vaz v. Skinner*, 634 Fed. App'x 778, 781 (11th Cir. 2015) (Generally speaking, a "§ 2241 petition is not the appropriate vehicle for raising an inadequate medical care claim, as such a claim challenges the conditions of confinement, not the fact or duration of confinement.") *Glaus v. Anderson*, 408 F.3d 382, 386–88 (7th Cir. 2005) (holding that a prisoner's request to be transferred to a prison facility that could give him proper medical treatment for Hepatitis C was inappropriate under a habeas petition because it was a conditions-of-confinement claim). Thus, because the Court cannot order the transfer he seeks, and because habeas is not the appropriate vehicle for challenging conditions of confinement, the petition should be denied.

**B. Petitioner Has Not Exhausted His Administrative Remedies.**

Even if the Court could hear Petitioner's claim under § 2241 and grant relief in the form of a prison transfer, he has not properly exhausted his administrative remedies.

Prisoners are required to exhaust their administrative remedies before filing a § 2241 petition. *Santiago-Lugo v. Warden*, 785 F.3d 467, 471, 474-75 (11th Cir.

2015). In the Eleventh Circuit, failure to exhaust for § 2241 claims is not a jurisdictional defect; rather, it is a defense that a respondent may assert, or choose to waive. *Id.*

While the exhaustion requirement is not jurisdictional, a court can still *sua sponte* dismiss a habeas petition on a non-jurisdictional basis, so long as (1) the petitioner is given "notice of its decision and an opportunity to be heard in opposition[,]" and (2) the respondent is given similar notice and an opportunity to waive that defense. *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F. 3d 649, 653 (11th Cir. 2020) (allowing *sua sponte* dismissal under Habeas Rule 4 based on untimeliness because Report and Recommendation provided notice and opportunity to respond to Petitioner and Respondent); *see also Fletcher v. Oliver*, No. 1:20-00347-KD-N, 2020 WL 5100631, at *2, n.4 (S.D. Ala. July 21, 2020) ("The undersigned finds no reason the procedure endorsed in *Paez* cannot also be utilized to *sua sponte* dismiss a habeas petition as unexhausted."), *report and recommendation adopted,* 2020 WL 5099937 (S.D. Ala. Aug. 28, 2020); *Perez v. Joseph*, 2022 WL 2181090, at *3 (N.D. Fla. May 4, 2022) (citing *Paez*), *report and recommendation adopted,* 2022 WL 2176505 (N.D. Fla. Jun. 15, 2022); *Dobek v. Joseph,* No. 3:22cv10614/LAC/MAF, 2022 WL 4281017 (N.D. Fla. Aug. 4, 2022) (same), *report and recommendation adopted,* 2022 WL 4281364 (N.D. Fla. Sep. 14, 2022).

Petitioner acknowledges the administrative exhaustion requirement applicable to habeas cases and asserts he has exhausted his administrative remedies. ECF No. 1 at 8. A review of Petitioner's progressive administrative remedies reflects he has repeatedly requested medical care, i.e. he has raised a "conditions of confinement" issue. The response from the Central Office, dated July 5, 2024, states in part:

> There is a clear progression of clinical assessments, follow-up, consultation and treatment in accordance with evidence-based standard of care and within the scope of services of the Federal Bureau of Prisons. If your condition has changed or worsened, please sign up for daily sick-call to have your concerns appropriately addressed by your Primary Care Provider. Your primary care team will continue to make recommendations as needed. As recommendations are made, a course of treatment will be determined. Given this, we shall defer diagnostic testing and treatment interventions to the Health Services staff at the local level.
>
> You should be aware decisions pertaining to the diagnosis and treatment of your conditions are made at the clinical discretion of a medical provider and are not administrative in nature.

ECF No. 1 at 24. At no point during the administrative remedy process did Petitioner request a transfer to another institution. Thus, the BOP has not had the opportunity to weigh in on Petitioner's transfer request.

Petitioner appears to have fully pursued the BOP's administrative remedy process with respect to certain medical care he received. ECF No. 1 at 14-25. But he did not raise the possibility of a transfer with prison authorities before filing his

petition. Although the reason behind his request for a transfer is intertwined with his belief that he has not received adequate medical care from "outside" sources, it is not the same. Again, BOP officials have not had the opportunity to respond to Petitioner's request for a transfer, at any level.

If Petitioner's claim were construed as a "conditions of confinement" claim, exhaustion is mandatory under the Prison Litigation Act (PLRA), 42 U.S.C. § 1997e. The PLRA's exhaustion requirement applies to any action "brought with respect to prison conditions under section 1983 of this title, *or any other Federal law*, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis supplied). Although courts are divided about whether the PLRA's requirements apply to § 2241 petitions, the better reasoning is that the PLRA applies to § 2241 petitions for claims brought with respect to prison conditions. *See Brady v. Hess,* No. 4:22-cv-309-AW-MAL, 2023 WL 6787432 (N.D. Fla. Sep. 5, 2023) (citing *Dimartino v. Sage*, No. 3:21-cv-498, 2022 WL 124308 at *3 (D. Conn. Jan. 13, 2022) (finding PLRA requirements apply to § 2241 petitions challenging conditions of confinement, "which are analogous to suits under 42 U.S.C. § 1983.")), *report and recommendation adopted*, 2023 WL 6316030 (N.D. Fla. Sep. 28, 2023). Again, none of the administrative remedies Petitioner filed address his desire for a

transfer.

Therefore, Petitioner's claim is subject to dismissal without prejudice for failure to exhaust.

Accordingly, it is ORDERED:

A copy of the petition and this Order and Report and Recommendation be sent to Respondent who may, but is not required to, respond to this Recommendation of dismissal.

Additionally, it is respectfully RECOMMENDED:

1. The petition under 28 U.S.C. § 2241 (ECF No. 1) be DENIED as Petitioner is not entitled to relief, or alternatively DISMISSED without prejudice for failure to exhaust administrative remedies.

2. The clerk be directed to close the case file.

At Gainesville, Florida on August 28, 2024.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections

upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.